# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# THOMASVILLE DIVISION

**NINA GURLEY, Individually, as**     :
**Surviving Spouse, and as Personal**  :
**Representative of the Estate of**     :
**MATTHEW GURLEY, deceased**,     :
                                    :
    Plaintiff,               :
                                    :
    v.                    :     Civil Action No. 6:06-cv-5 (HL)
                                    :
**PAUL L. STEINBERG, M.D.,**     :
**Individually, JAMES K. HESTER,**  :
**M.D., Individually, HESTER AND** :
**STEINBERG, M.D., P.A., a Georgia** :
**Corporation, and ARCHBOLD**    :
**MEDICAL CENTER, INC., d/b/a**   :
**GRADY GENERAL HOSPITAL,**   :
**a Georgia Corporation**,         :
                                    :
    Defendants.          :
_____

## <u>ORDER</u>

The parties have submitted a Joint Proposed Scheduling/Discovery Order. The Court hereby rejects the same and directs as follows:

1. Plaintiff shall file an amended complaint that incorporates the correct jurisdictional amount and the correct party names, as noted by the parties in paragraph 11, subsections B, C, and D of the Joint Proposed Scheduling and Discovery Order. Because the changes have been agreed to by the parties and are not substantive, no amended answers need to be filed in response to the amended complaint. The amended complaint should be filed not later than 20 days from the entry of this Order.

2. Defendants contend that subject matter jurisdiction is in dispute because there is a lack of complete diversity of the parties. Defendants have stated their intent to take the deposition

of a jurisdictional witness.  (Joint Proposed Order ¶ 3.)  Because federal courts are courts of limited jurisdiction, they are obliged to make inquiry into their jurisdiction to consider the cases that come before them.  Such an inquiry should be made as early as possible in the litigation. *See, e.g.,* Kirkland v. Midland Mortgage Co., 243 F.3d 1277, 1279-80 (11th Cir. 2001) (stating, "Federal courts are courts of limited jurisdiction and are required to inquire into their jurisdiction at the earliest possible point in the proceeding").

In order to determine as early as practicable whether the Court has jurisdiction to proceed with this case, the parties are directed to promptly engage in such discovery as is necessary to establish whether there is complete diversity of the parties.  All such discovery must be completed not later than May 31, 2006.  In the event Defendants continue to be of the opinion that jurisdiction is lacking they must file an appropriate motion not later than June 30, 2006.  Should such a motion be filed, briefing shall be completed in the manner required by the local rules of this court.

After discovery has been completed, if Defendants are of the opinion that the jurisdictional requirements are satisfied, they should notify the Court of this conclusion.  Such notice should be provided promptly but, in any event, not later than June 30, 2006.  This matter shall be stayed as to all other issues until otherwise directed by the Court.

**SO ORDERED**, this the 13th day of April, 2006.


**s/   Hugh Lawson**
**HUGH LAWSON, JUDGE**

mls

2